JOSEPH EDWARDS, DEFENDANT IN ERROR, v. DUNCAN J. CURRIE, PLAINTIFF IN ERROR.

Submitted December 6, 1909—Decided February 28, 1910.

In the "Act constituting courts for the trial of small causes" (*Pamph. L.* 1903, *p.* 251), the proviso in section 1, that "the said court shall not have jurisdiction over any cause or proceeding cognizable before a District Court, where any defendant resides within a municipality wherein a District Court is established," does no more than confer a personal privilege upon the defendant under the given circumstances, which privilege is waived by appearing and making defence without objection.

On error to the Supreme Court.

For the plaintiff in error, *John W. Beekman.*

For the defendant in error, *John E. Foster.*

The opinion of the court was delivered by

PITNEY, CHANCELLOR. This writ of error brings under review a judgment of the Supreme Court affirming a judgment rendered by a justice of the peace in the "small cause court," and brought to the Supreme Court by *certiorari*.

It appears that Edwards sued Currie before a justice of the peace in the county of Monmouth, for the amount due upon a book account for goods sold and delivered, the amount claimed being within the jurisdiction of the justice. A summons was issued and served personally upon Currie. Upon the return day both parties appeared, and the defendant filed a set-off and demanded and obtained an adjournment for a week. Upon the adjourned day the parties appeared and proceeded to trial; and, after the plaintiff had closed his case, the defendant testified that he was at the commencement of the suit, and still continued to be, a resident of the city of Perth Amboy, in the county of Middlesex, in which city there was and is a District Court. This fact being admitted by the plaintiff, the defendant moved to dismiss the case on the ground that the justice was without jurisdiction. The justice denied the motion and gave judgment in favor of the plaintiff.

The Supreme Court held that by appearing and proceeding to trial the defendant waived any privilege he might possess to have the cause tried in the District Court, holding that *Fraley* v. *Feather,* 17 *Vroom* 429, was a controlling authority.

Upon the argument here it is pointed out by counsel for the plaintiff in error (defendant below) that the decision in Fraley *v.* Feather, and also that in *Funck* v. *Smith,* 17 *Vroom* 484, were based upon the language of section 6 of the District Court act of 1877, as amended in 1878 (*Pamph. L.* 1877, *p.* 234; *Rev.* 1877, *p.* 1302; *Pamph. L.* 1878, *p.* 148; *Sup. Rev.* 1866, *p.* 256) ; and it is insisted that those decisions are not now in point, in view of changes that have taken place in the statute law.

The District Court act of 1877, as amended by *Pamph. L.* 1878, *p.* 148, provided that every suit of a civil nature at law (except replevin and slander suits, and some others particularly mentioned), where the debt, balance or other matter in

dispute did not exceed $200, should be cognizable in any District Court in the cities where they might be established, although the cause of action did not arise in such city; and that said District Courts should have jurisdiction, exclusive of all other courts except the Circuit Court of the county, in all cases under the act where the party defendant resided within the corporate limits of the city wherein said court should be established.

In Fraley v. Feather and Funck v. Smith, the Supreme Court held that the grant of exclusive jurisdiction to the District Court, where the defendant resided within the corporate limits of the city where such court was established, did not disable other courts from hearing a cause whose subject-matter was within their jurisdiction, but in which the defendant resided in a city where a District Court was established; that the purpose of the legislation was to confer upon residents of such cities a personal privilege of having suits against them, if of such a nature as to be cognizable before the District Court, brought in such District Court rather than elsewhere; and that this privilege might be waived by appearance without objection.

The District Court act of 1898 (Pamph. L., pp. 556, 564), in its thirtieth section, prescribes in what class of actions the District Court is to have jurisdiction; and in its thirty-first section declares that no justice of the peace or Court for the Trial of Small Causes shall have jurisdiction over any cause or proceeding cognizable before a District Court, where the defendant resides within the limits of a city where a District Court is established. The title of this act is "An act concerning district courts." Whether under a title thus limited the prohibition respecting the jurisdiction to be exercised by the small cause court can have effect, in view of the constitutional requirement that the object of an act shall be expressed in its title, may be questionable. See Evernham v. Hulit, 16 Vroom 53, 56; Hendrickson v. Fries, Id. 555, and numerous subsequent decisions to the same effect.

Plaintiff in error, however, does not rely upon the prohibition just cited from the District Court act, but upon that

which is contained in the "Act constituting courts for the trial of small causes," as recently revised, and found in *Pamph. L.* 1903, *p.* 251. The first section of this act, which prescribes the jurisdiction of the small cause court, contains a proviso that "the said court shall not have jurisdiction over any cause or proceeding cognizable before a District Court, where any defendant resides within a municipality wherein a District Court is established."

We may concede that this proviso, if read literally, and without regard to other provisions contained in the act and the general spirit and purpose of the legislation, may receive such a construction as is contended for by plaintiff in error. But if construed, as we must construe it, in the light of these, it bears a different meaning.

The distinction is between jurisdiction over the subject-matter of the cause and jurisdiction over the person of the defendant. The former imports the authority of the tribunal to take cognizance of and determine the questions involved in the litigation, supposing the parties have been properly brought into court. The latter imports the lawful power to exercise judicial authority over the parties. No doubt it is competent for the legislature, in establishing a statutory tribunal, to prohibit any exercise of its judicial authority in a given class of cases, whether with or without the consent of parties. Except, however, where such a prohibition exists, jurisdiction over the parties may be conferred by their consent, and the court in question may thereupon hear and determine the controversy between them, provided its subject-matter be one that is lawfully cognizable by the court.

In the act found in *Pamph. L.* 1903, *p.* 251, it seems to us that the body of section 1 and its first proviso have to do with jurisdiction over the subject-matter, and that the second proviso has to do with jurisdiction over the person of the defendant. It is quite reasonable to suppose that the legislature intended in this enactment to preserve the situation that had resulted from the former legislation as construed in Fraley *v.* Feather and Funck *v.* Smith. And this purpose is rendered clear by what is contained in the fifth section. This section

takes the place of section 6 of the former act constituting Courts for the Trial of Small Causes (*Gen. Stat., p.* 1865), which reads as follows: "That parties may agree to enter without process any action before a justice of the peace, to the decision of which he is competent, if process had been executed, and the court shall proceed thereon to final judgment and execution in the same manner as if a summons or warrant had been issued and duly served." The present section 5 (*Pamph. L.* 1903, *p.* 252) reads as follows: "Parties may agree to enter without process any action in said court, which shall be cognizable therein, and the court shall proceed thereon to final judgment and execution in the same manner as in cases where process has been duly served."

Upon the whole, we deem it clear that the proviso quoted from section 1 merely confers a personal privilege, which may be either asserted or waived by the defendant entitled to it. That it was waived in the present case is equally clear. The defendant, if he was entitled to the privilege, must be deemed to have agreed with the plaintiff to enter the action without process. *Smith* v. *Colloty,* 40 *Vroom* 365, 375, and cases cited.

By the ninth section of the act of 1903, the territorial jurisdiction of the justice of the peace is made co-extensive with the limits of the county in and for which he is elected and commissioned; and the section proceeds to say: "His writs, precepts and process issued out of said court shall run in and through such county, and he may, in causes pending before him, award writs of subpœna for witnesses into other counties of this state." In view of this, and of what we have already said as to the construction of the proviso quoted from section 1, it may be questionable whether that proviso ought to be treated as operating at all (even to the extent of conferring a personal privilege) with respect to defendants who reside in a city having a District Court, where such city is not within the bounds of the county in which the justice's court is situate. This question does not require decision in the present case, and we therefore intimate no opinion concerning it.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, JJ. 13.

*For reversal*—None.